McRAE, Justice,
dissenting:
¶ 6. The Court averts the obvious in this case and sustains summary judgment. The majority conveniently fails to mention the critical affidavit of Registered Pharmacist Elizabeth Nelson, which authenticates the Tax Information Summary (TIS). Were the majority to fully consider the situation, it would acknowledge the TIS for what it is: admissible evidence that provides a genuine issue of material fact thereby precluding summary judgment for Bloom. Hence, I dissent.
¶ 7. The TIS statement is itself facially admissible pursuant to the Miss. R. Evid. 803(6) business records exception to the hearsay rule. Bloom attacks the TIS as not meeting the rule’s trustworthiness requirement. Such an argument is unfounded. Nelson produces such TIS documents and receives call-in prescriptions as normal activities of her profession. If this business practice by a registered pharmacist was untrustworthy, would the pharmaceutical board, physicians, or insurance companies allow *359 such behavior to persist? I think not. Pharmacists would be pressured to modify their business procedures. Yet, no such pressure has been exerted.
¶ 8. Appellant authenticates the TIS with the affidavit of Nelson, which details her personal knowledge relevant to the case. In the affidavit, Nelson swore to being a registered pharmacist at Big B Drugs in Gulfport during the period at issue. She stated that Big B Drugs “routinely prepares Tax Insurance Summaries for its customers” of which the one at issue in this case was prepared under her direction and contained an apparent call-in prescription record from Dr. Will Bloom. She stated that the only Dr. Will Bloom of which Big B maintained a record was Dr. William Bloom of Louisiana-the ap-pellee’s domiciliary.
¶ 9. Despite such information, the trial court still determined that Nelson lacked personal knowledge. Indeed, the court below deemed Nelson’s following key statement to be self-serving rather than based on personal knowledge and probative: “we are not allowed to dispense prescriptive medication without first receiving a written prescription from a medical doctor or receiving the prescription by telephone from the doctor’s office.” I find it difficult to simply categorize such a statement as self-serving and prejudicial. The statement appeal's quite probative as the TIS identifies Bloom as the relevant physician; the above-quoted language thereby serves as a probative evidentiary nexus between Bloom’s status as a call-in physician and that TIS.
¶ 10. The Court cites Palmer v. Anderson Infirmary Benevolent Ass’n, 656 So.2d 790, 794 (Miss.1995), to state that Creed lacks “evidence of significant and probative value” to overcome the motion for summary judgment. Yet, the Court ignores the fact that-as previously discussed-the TIS coupled with the affidavit indeed provides significant and probative information adverting to Bloom’s call-in prescription of Stelazine for Creed.
¶ 11. The Nelson affidavit is far from self-serving. Indeed, it serves to support the TIS which itself shows appellee Bloom’s probative action to phone in Creed’s prescription. The TIS is admissible, as well as the telephone order by the doctor, either as a business practice or under the grounds that the authenticating statement was made under Miss. R. Evid. 803(24), the prophylactic hearsay exception rule. Summary judgment should be reversed and the ease remanded to allow Creed to properly present his case. Accordingly, I dissent.
PITTMAN, P.J., joins this opinion.